**In re ZIMMER, INC., Centralign Hip Prosthesis Products Liability Litigation**

**Dolores Dunn, et al. v. Zimmer, Inc., D. Connecticut, C.A. No. 3:00–1306**

**James Johannsen v. Bristol–Myers Squibb Co., et al., D. Connecticut, C.A. No. 3:00–2270**

**John Vino, et al. v. Zimmer, Inc., D. Connecticut, C.A. No. 3:01–516**

**Sonia Fuentes–Weed v. Zimmer, Inc., D. Connecticut, C.A. No. 3:01–517**

**Joann Lopes v. Zimmer, Inc., D. Connecticut, C.A. No. 3:01–518**

**Stacia S. Bogdan, et al. v. Zimmer, Inc., D. Connecticut, C.A. No. 3:02–637**

**George David Johnson, et al. v. Zimmer, Inc., D. Minnesota, C.A. No. 0:02–1328**

**No. MDL–1497.**

Judicial Panel on Multidistrict Litigation.

Dec. 11, 2002.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### ORDER DENYING TRANSFER

WILLIAM TERRELL HODGES, Chairman.

This litigation consists of seven actions pending as follows: six District of Connecticut actions that have already been consolidated for purposes of discovery, and one additional action pending in the District of Minnesota. Plaintiff in the Minnesota action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Connecticut. Zimmer, Inc., the sole or sole remaining defendant in each action, opposes centralization.

On the basis of the papers filed and hearing session held, the Panel finds that

Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movant has failed to demonstrate that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this two-district docket. We note that i) pretrial proceedings have been ongoing in the Connecticut district for over two years, and ii) plaintiff in the Minnesota action is represented by counsel who also represents the Connecticut action plaintiffs. Under these circumstances we are persuaded that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Chromated Copper Arsenate (CCA) Treated Wood Products Liability Litigation,* 188 F.Supp.2d 1380 (Jud.Pan.Mult.Lit.2002); *see also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these seven actions is denied.