In re ZIMMER, INC., CENTRALIGN HIP PROSTHESIS PRODUCTS LIABILITY LITIGATION (NO. II)

No. 1669.

Judicial Panel on Multidistrict Litigation.

April 20, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of 22 actions listed on the attached Schedule A and pending in two districts as follows: seventeen actions in the District of Minnesota and five actions in the District of Connecticut.[1] The plaintiffs in the five

---

1. The Section 1407 motion, as originally filed,

included three additional actions: one action

Connecticut actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Minnesota. Plaintiffs in twelve of the District of Minnesota actions and in six additional District of Minnesota actions that have been identified as potential tag-along actions support transfer. Sole common defendant Zimmer, Inc. (Zimmer) opposes transfer.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. This is the second time that the five Connecticut actions have been the subject of a Section 1407 transfer motion. In MDL–1497, *In re Zimmer, Inc., Centralign Hip Prosthesis Products Liability Litigation*, 237 F.Supp.2d 1376 (Jud.Pan.Mult.Lit.2002), the Panel denied a motion brought by plaintiff in one District of Minnesota action (an action that is also now included among the actions subject to the MDL–1669 transfer motion) for transfer of the Minnesota action to the District of Connecticut for centralization with the then six Connecticut actions pending there. In denying transfer, the Panel found that movant had failed to demonstrate that any common questions of fact and law were sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in a two-district docket where i) pretrial proceedings had been ongoing in the Connecticut district for over two years, and ii) plaintiff in the Minnesota action was represented by counsel who also represented the Connecticut action plaintiffs. *Id.* The moving Connecticut action plaintiffs now before the Panel in MDL–1669 have offered no persuasive reason why we should revisit our MDL–1497 decision in what has become another two-district docket with actions in one of the two districts at a very advanced stage. Proponents of transfer have alluded to the prospect of additional actions that are or may soon be pending in additional districts as a reason for ordering centralization. We note, however, that such actions are not now before the Panel, and their pendency does not create a persuasive reason for transfer of the five Connecticut actions that are.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

*MDL–1669—In re Zimmer, Inc., Centralign Hip Prosthesis Products Liability Litigation (No. II)*

*District of Connecticut*

*Dolores Dunn, et al. v. Zimmer, Inc.,* C.A. No. 3:00–1306

*James Johannsen v. Bristol–Myers Squibb Co., et al.,* C.A. No. 3:00–2270

*John Vino, et al. v. Zimmer, Inc.,* C.A. No. 3:01–516

*Sonia Fuentes–Weed v. Zimmer, Inc.,* C.A. No. 3:01–517

*Joann Lopes v. Zimmer, Inc.,* C.A. No. 3:01–518

pending in the District of Connecticut, *Stacia S. Bogdan, et al. v. Zimmer, Inc.,* C.A. No. 3:02–637, one action pending in the District of Montana, *Robert G. Oakberg v. Zimmer, Inc.,* C.A. No. 2:03–47, and one action pending in the District of Minnesota, *Harry L. Poliwoda v. Zimmer, Inc.,* C.A. No. 0:04–1659. The Connecticut and Montana actions were the subjects of summary judgments granted in favor of the defendant on March 29, 2005, and Feb. 14, 2005, respectively; and the Minnesota action was settled and dismissed with prejudice on Jan. 10, 2005. Accordingly, the question of Section 1407 transfer with respect to these actions is moot.

 

*District of Minnesota*

*George David Johnson, et al. v. Zimmer, Inc.,* C.A. No. 0:02–1328

*Allen Lillebo, et al. v. Zimmer, Inc.,* C.A. No. 0:03–2919

*Evelyn Reiling, et al. v. Zimmer, Inc.,* C.A. No. 0:03–2920

*Mary Orlowski v. Zimmer, Inc.,* C.A. No. 0:03–6076

*John W. Doschadis v. Zimmer, Inc.,* C.A. No. 0:03–6439

*Brent M. Symonds v. Zimmer, Inc.,* C.A. No. 0:04–985

*Kathryn E. Leclerc v. Zimmer, Inc.,* C.A. No. 0:04–1660

*Carmen Klingbeil v. Zimmer, Inc.,* C.A. No. 0:04–2780

*Elsie Grimm v. Zimmer, Inc.,* C.A. No. 0:04–3184

*Thomas O. Guss v. Zimmer, Inc.,* C.A. No. 0:04–3185

*Kenneth L. Kraft v. Zimmer, Inc.,* C.A. No. 0:04–3186

*Carol Rotondo v. Zimmer, Inc.,* C.A. No. 0:04–3346

*Thomas M. Krick v. Zimmer, Inc.,* C.A. No. 0:04–3347

*Henry C. Gerig, Jr. v. Zimmer, Inc.,* C.A. No. 0:04–3348

*William K. Freeman v. Zimmer, Inc.,* C.A. No. 0:04–3349

*Mildred E. Green v. Zimmer, Inc.,* C.A. No. 0:04–3350

*Marjorie Witt v. Zimmer, Inc.,* C.A. No. 0:04–3351